THE ANHEUSER-BUSCH BREWING ASSOCIATION

*v.*

FRED W. L. RAHLF.

*Opinion filed February 21, 1905.*

1. MORTGAGES—*when mortgage does not create a personal obligation.* If there is no promise or covenant by the mortgagor to pay the debt, perform the contract or do the act sought to be secured by the mortgage, the mortgage is a mere security, and no personal obligation can be enforced against the mortgagor.

2. SAME—*when provision of mortgage does not create a covenant.* A provision in a mortgage of saloon fixtures that the mortgagor shall retain possession of the property upon condition that he will buy and sell beer manufactured by the mortgagee and permit no other domestic beer to be used or sold on the premises, is not a personal covenant or promise by the mortgagor which the mortgagee may enforce by injunction.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

GOLDZIER, RODGERS & FROEHLICH, for appellant.

WINSTON, PAYNE & STRAWN, (RALPH M. SHAW, and MATT B. PITTMAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The superior court of Cook county dissolved a temporary injunction granted in pursuance of the prayer of appellant's bill and dismissed the bill at appellant's cost for want of equity appearing on the face of the bill. On appeal to the Appellate Court for the First District the decree was affirmed, and this further appeal was prosecuted.

The material facts alleged in the bill are, that the complainant is a corporation of the State of Missouri, engaged

in brewing and vending beer; that the defendant applied to the Chicago branch establishment of complainant, representing that he desired to purchase a certain saloon in Chicago but was unable to pay the whole purchase price unless he could obtain a loan of $1400, and desired to sell the beers of complainant exclusively if it would aid him by a loan of that amount; that complainant, being desirous of acquiring the custom of the saloon, loaned defendant $1400, as a part of the purchase price of the saloon, to enable him to buy it, and upon the agreement that defendant would purchase complainant's beers for his business and would not permit any other domestic beer to be used or sold upon the premises; that the principal object of the loan was to secure the business, which would be of great profit to complainant; that defendant delivered to the complainant his eighteen notes, amounting to said sum, and drawing interest at six per cent, and to secure the payment of the notes executed a chattel mortgage of the fixtures and furniture of the saloon and basement under the same, and that said mortgage contained the following provision: "That the said mortgagor, or his executors, administrators or assigns, shall retain possession of said goods and chattels upon the condition that during such possession he will purchase of said Anheuser-Busch Brewing Association, for sale and use upon the premises hereinbefore described, the beer manufactured by said association, of a grade not inferior to that known to the trade as ......, and that during such possession he will permit no other domestic beer than that manufactured by said association to be used or sold upon said premises, and that he will pay to the said association for all the beer so purchased, in cash, upon delivery, the current market price of said association for its said beer in Chicago." That paragraph was followed by a condition that if defendant should make default in the payment of the notes or interest, or any part thereof, or should fail to purchase from the complainant, for sale or use upon the premises, beer manufactured by the complain-

ant or to pay for the beer so purchased, complainant might take possession of the property and foreclose the mortgage, and it was alleged that the defendant purchased the saloon and conducted it in accordance with the agreement until the bill was filed, but then threatened to use and sell domestic beer brewed by other brewers. The prayer of the bill was for an injunction restraining defendant from selling or permitting to be sold upon the premises any other domestic beer than that made by complainant.

Counsel for appellant say that they make no claim to relief on account of any agreement alleged in the bill other than the provision of the chattel mortgage. Leaving out of account, therefore, the alleged verbal agreement, the question arises whether the provision of the chattel mortgage above quoted is a covenant on the part of the defendant by which he assumed a personal obligation. The fact that the purchase of beer from the complainant and the exclusion of all other domestic beer was secured by the mortgage does not settle that question. While the existence of a debt or obligation, or a contract to be fulfilled or some act to be performed, is essential to the existence of a mortgage, it is not necessary that there should be any promise to pay the debt, fulfill the contract or perform the act. It is usual for the mortgagor to promise to pay the indebtedness or do the thing secured, either by a covenant in the mortgage or a separate promise or obligation. But that only adds a personal liability to the security. If there is no covenant or promise by the mortgagor the mortgage is a mere security and no personal liability can be enforced. It is a condition of this mortgage that if the defendant shall make default in the payment of the indebtedness represented by the notes or fail to purchase of or pay for beer manufactured by complainant, it may take possession of the property and foreclose the mortgage, but there is nothing which can be construed as a personal covenant on the part of the defendant to purchase beer from the

complainant or to exclude other domestic beer. We regard the views of the Appellate Court on that subject as correct.

Appellee has filed an additional abstract of the record, consisting largely of a brief and opinion of a master in chancery concerning the right of complainant to an injunction, which is no part of the record in this case. The preliminary injunction was ordered by the court, and there is no authority for any proceeding before a master in the case. Nothing contained in the additional abstract is necessary or proper to determine whether the court was right in dismissing the bill for want of equity apparent on its face.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*